The relief described hereinbelow is SO ORDERED.

Signed February 06, 2007.

_____
Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE NATIONAL BENEVOLENT | § | CASE NO. 04-50948-RBK |
| ASSOCIATION OF THE CHRISTIAN | § | |
| CHURCH (DISCIPLES OF CHRIST), | § | |
| ET AL., | § | |
| | § | |
| REORGANIZED DEBTORS | § | CHAPTER 11 |
| | § | |
| | § | |
| THE NATIONAL BENEVOLENT | § | |
| ASSOCIATION OF THE CHRISTIAN | § | |
| CHURCH (DISCIPLES OF CHRIST), | § | |
| ET AL. | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-5134-RBK |
| | § | |
| WEIL, GOTSHAL & MANGES, LLP | § | |

ORDER GRANTING SUMMARY JUDGMENT

On January 29, 2007, came on to be heard the Motion for Summary Judgment filed by

Defendant, Weil, Gotshal & Manges, LLP (Court document #128).  Plaintiffs and Defendant

appeared by and through their attorneys of record and announced ready.  After reviewing the Motion,

the Response, the briefs, and the summary judgment evidence on file at the time of the hearing, and

after hearing the argument of counsel, the Court is of the opinion that summary judgment should be

rendered in this adversary proceeding that Plaintiffs take nothing.

Although a number of grounds are asserted by Defendant for the granting of summary

judgment, the Court focuses on three grounds.

1.     ***Breach of Fiduciary Duty***.

The Court grants the Defendant's Motion for Summary Judgment on the alleged cause of

action for breach of fiduciary duty.  The undisputed facts show that Plaintiffs have attempted to

elevate a legal malpractice claim into a cause of action for breach of fiduciary duty.  The Plaintiffs'

claims are based upon allegations of improper representation of the Plaintiffs by advising a course

of action that was unfavorable to the Plaintiffs in order to create a fee generating opportunity for

Defendant.  There is no summary judgment evidence which creates a fact issue regarding a breach

of fiduciary duty by Defendant.  On the contrary, the summary judgment evidence conclusively

demonstrates the Plaintiffs' assertion of a legal malpractice claim rather than a breach of fiduciary

duty claim.

2.     ***Res Judicata***.

The Court grants summary judgment in favor of Defendant on the issue of *res judicata* based

upon two final Orders of this Court from which no appeal was taken: The first Order approved the

sale by Plaintiffs of eleven of Plaintiffs' senior living facilities for a price of $210 million in order

to pay creditors.  The second Order confirmed the Plan of Reorganization, under which creditors

were paid 100% of their claims, plus interest.  These two Orders constitute *res judicata* on all issues

which were or could have been litigated in the Motion to Sell or the Plan of Reorganization.

Plaintiffs' contentions that the Chapter 11 cases were unnecessary, ill-conceived and never should

have been filed constitute a collateral attack on both the sale Order and the Order Confirming the

Plan.  As stated in *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972):

> The suit is no more than a collateral attack upon the referee's order confirming the plan of arrangement; the integrity of the judgment is challenged . . . Even though an action has an independent purpose and contemplates some other relief, it is a collateral attack if it must in some fashion overrule a previous judgment . . .Through his fraud action, Miller is indirectly asserting that the Chapter XI proceeding should never have been approved and that a Chapter X procedure should have been decreed instead.  The suit obviously turns upon what *could* or *should* have happened in the bankruptcy proceeding. It is specious to argue that Miller's action in fraud is unrelated or only coincidentally related to the merits of the bankruptcy proceeding.

(citations omitted, emphasis added).  *See also* **Browning v. Levy**, 283 F.3d 761, 770-774 (6th Cir.

2002); **Eubanks v. FDIC**, 977 F.2d 166, 174 (5th Cir. 1992); **Howe v. Vaughan** (**In re Howe**), 913

F.2d 1138, 1147 (5th Cir. 1990).

The language in the Plan of Reorganization which purports to reserve Debtors' claims, if

any, against their professionals is insufficient to avoid *res judicata*.  **Browning v. Levy**, 283 F.3d at

775 ("blanket reservation does not defeat the application of res judicata"); **Westland Oil Dev. Corp.**

**v. MCorp Mgmt. Solutions, Inc.**, 157 B.R. 100, 103 (S.D. Tex. 1993) ("Westland knew about the

claim, was mad about it, and hid it within the murky language of the general retention clause");

**Mickey's Enter., Inc. v. Saturday Sales, Inc.** (**In re Mickey's Enter., Inc.**), 165 B.R. 188, 191-193

(Bankr. W.D. Tex. 1994) (general retention clause failed to specifically identify any causes of

action).

3.    *Judicial Estoppel*.

The Court also grants the Defendant's Motion for Summary Judgment on the issue of judicial estoppel.  It is undisputed that a bankruptcy debtor is required to schedule all assets and that there is a duty to amend which continues throughout the case.  It is also undisputed that none of the Debtors scheduled a potential cause of action against Defendant in their bankruptcy schedules, even though Plaintiffs claim that their causes of action relate solely to prepetition conduct of Defendant.  Although Plaintiffs contend that Defendant would not have scheduled causes of action against itself, the undisputed evidence shows that Plaintiffs were also represented by counsel other than Defendant at all relevant times.  Not only were there outside counsel prior to and at the commencement of the bankruptcy cases, but on June 10, 2004, the Debtors filed an Application to Employ the Law Firm of Langley & Banack as Co-Counsel for the Debtors.  The employment of Langley & Banack was approved by this Court's Order on July 15, 2004.  The Plan and Disclosure Statement were filed by Langley & Banack on or about December 29, 2004, and the confirmation hearing took place on March 2, 2005.  If the directors, officers and non-Defendant attorneys of the Plaintiffs wished to assert claims against Defendant, they had ample opportunity to schedule such an asset and specifically reserve it in the Plan.  Instead, a general retention clause was merely placed in the Plan and Disclosure Statement which purported to retain any claims which the Plaintiffs might have against any of their professionals.

The leading case on judicial estoppel is *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197 (5th Cir. 1999).  *Coastal Plains* described judicial estoppel as a common law doctrine by which a party who has assumed a position in its pleadings may be estopped to later assume an

inconsistent position.  Detrimental reliance by the opponent is not necessary because the doctrine is intended to protect the judicial system rather than the litigants.  *Coastal Plains* at 205.

The record is replete with references to purported knowledge on the part of directors, officers and non-Defendant attorneys of alleged wrongdoing by Defendant.  By failing to disclose and schedule the causes of action, the Debtors are judicially estopped to take a different position, postconfirmation, that there are claims and causes of action arising out of Defendant's prepetition conduct.

The Plaintiffs claim inadvertence or lack of knowledge should preclude the application of judicial estoppel.  The Court does not find that the failure to disclose the alleged causes of action was inadvertent because the Plaintiffs knew of the facts giving rise to the potential claims and chose to keep their potential claims "under the radar" until well after confirmation.  In the Plan of Reorganization, in which all of the Debtors were proponents, the Debtors vigorously pursued confirmation as being in the best interest of the creditors and the Debtors.  The Plan contains a general reservation of causes of action against professionals of the Debtors, while not specifically listing any claims against particular professionals or the nature of any claims.  After confirmation, the Debtors changed their positions, deny benefit as a result of confirmation of the Plan of Reorganization, and claim breach of duties by the Defendant.  Judicial estoppel prohibits the assertion of such inconsistent positions.  *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999).

4.    *Conclusion*.

Summary judgment is rendered for Defendant that Plaintiffs take nothing in this adversary proceeding.

This Order does not affect the pendency or hearing upon the various fee applications and responses thereto which remain pending in the main bankruptcy cases.

# # #